# UNITED STATES DISTRICT COURT

District of _____ Nevada _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| HENRY GENARO MACIAS | Case Number: 2:13-cr-00438-LDG-PAL-1 |
| | USM Number: 48783-048 |
| **Date of Original Judgment:** 12/4/2014 | Raquel Lazo |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))    ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))    ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))    ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Direct Motion to District Court Pursuant    ☐ 28 U.S.C. § 2255 or
☐ 18 U.S.C. § 3559(c)(7)

☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Two of the Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2) | Receipt of Child Pornography | 1/5/2013 | 2 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  all remaining  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/17/2014
Date of Imposition of Judgment

_/s/ Lloyd D. George_
Signature of Judge

LLOYD D. GEORGE, UNITED STATES DISTRICT JUDGE
Name of Judge                Title of Judge

2/17 February 2015
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 2:13-cr-00438-LDG-PAL Document 48 Filed 02/17/15 Page 2 of 12
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 7

DEFENDANT: HENRY GENARO MACIAS
CASE NUMBER: 2:13-cr-00438-LDG-PAL-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

144 months, concurrent to Nevada State Case C297174, to commence on Sentencing date of 11/17/2014

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant be permitted to serve his incarceration at the Nevada Department of Corrections Facility and any remaining time to FCI Elkton, OH, or FCI Loretto, PA, or some other facility located in New Jersey to commence on Sentencing date of 11/17/2014.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 12:00 p.m. _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: HENRY GENARO MACIAS
CASE NUMBER: 2:13-cr-00438-LDG-PAL-1

Judgment—Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

LIFETIME

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
　　　　　Sheet 3C — Supervised Release　　　　　　　　　　　　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: HENRY GENARO MACIAS　　　　　　　　　　　　　　　　Judgment—Page 4 of 7
CASE NUMBER: 2:13-cr-00438-LDG-PAL-1

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his/her person, and any property, residence, business or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. Substance Abuse Treatment - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

5. Sex Offender Treatment - You shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, as approved by the probation officer. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

6. Minor Prohibition - You shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer.

7. Pornography Prohibition - You shall not own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 U.S.C. § 2256(2).

**ACKNOWLEDGEMENT**

　　Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

　　These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

　　(Signed)　_____　　　_____
　　　　　　　　　Defendant　　　　　　　　　　　　　Date

　　　　　　　_____　　　_____
　　　　　　　U.S. Probation/Designated Witness　　　Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case  
Sheet 4C — Probation  
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: HENRY GENARO MACIAS  
CASE NUMBER: 2:13-cr-00438-LDG-PAL-1  
Judgment—Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

8. Computer Pornography Prohibition - You shall neither possess nor have under your control any matter that is pornographic, as defined in 18 U.S.C. § 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

9. Computer Prohibition - You shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the probation officer. This includes any internet service provider, bulletin board, or any public or private computer network.

10. Computer Restriction - You shall submit a monthly record of computer use and bills to the probation officer and shall not access any ** unless approved by the probation officer.

11. Computer Restriction and Monitoring - You shall provide the probation officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the probation officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

12. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

DEFENDANT: HENRY GENARO MACIAS
CASE NUMBER: 2:13-cr-00438-LDG-PAL-1

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ N/A | $ 5,500.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Cusak, Gilfillan & O'Day, LLC | | $1,000.00 | |
| Carol Hepburn, Esq. | | $4,000.00 | |
| Carol Hepburn, Esq. | | $500.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | $ 5,500.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

  ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments             (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: HENRY GENARO MACIAS             Judgment — Page 7 of 7
CASE NUMBER: 2:13-cr-00438-LDG-PAL-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☑ Lump sum payment of $ 5,600.00    due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
     Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:13-CR-438-LDG-(PAL) |
| ) | |
| HENRY GENARO MACIAS, ) | |
| ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE**

On June 24, 2014, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and Title 18, United States Code, Section 2253(a)(1), (a)(2), and (a)(3) based upon the plea of guilty by defendant HENRY GENARO MACIAS to the criminal offense, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which defendant HENRY GENARO MACIAS pled guilty. Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 23; Plea Agreement, ECF No. 24; Preliminary Order of Forfeiture, ECF No. 26.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from June 28, 2014, through July 27, 2014, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 27.

. . .

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 2253(a)(1), (a)(2), and (a)(3); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

1. A Sony laptop SN C6020551;
2. A Sony laptop SN C300PE4Y;
3. A Western Digital hard drive SN WXN209SA6421;
4. Numerous CDs;
5. an HTC Droid cell phone; and
6. any visual depiction or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 2251 and 2252A .

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

. . .

. . .

. . .

. . .

1 | The Clerk is hereby directed to send copies of this Order to all counsel of record and three
2 | certified copies to the United States Attorney's Office.
3 | DATED this 17th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

United States of America, )
                                    ) Case No.: 2:13-cr-438 LDG PAL
     Plaintiff, )
                                    ) ORDER OF RESTITUTION
vs. )
HENRY GENARO MACIAS, )
     Defendant. )

On November 17, 2014, the Court sentenced the defendant to 144 months imprisonment on Count 2 the Indictment, lifetime supervised release, and a $100.00 special assessment fee, with restitution to be determined.

On January 29, 2015, the parties placed before the Court an agreement for restitution as follows: $1,000 to be paid to the victim in the Cindy series; $4,000 to be paid to the victim in the Marineland series; and $500 to be paid to the victim in the Christina series.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 4, 2014 is amended and restitution in the amounts stated in the attached restitution list is ordered. The restitution list will be attached to an amended judgment.

DATED this 30 day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE
LLOYD D. GEORGE

2

**U.S. v. Henry Macias**
**2:13-CR-00438-LDG-PAL**
**Restitution List**

| | |
|---|---|
| Cusak, Gilfillan & O'Day, LLC<br>C/O Cinday Series<br>415 Hamilton Blvd.<br>Peoria, IL 61602-1102 | $ 1,000.00 |
| Carol Hepburn, Esq.<br>C/O Marineland Series<br>2722 Eastlake Avenue E, Ste 200<br>Seattle, WA 98102 | $ 4,000.00 |
| Carol Hepburn, Esq.<br>C/O Christina Series<br>2722 Eastlake Avenue E, Ste 200<br>Seattle, WA 98102 | $    500.00 |